BLUE, Judge.
Judith Mae Rizer n/k/a Judith Mae Pass-more (wife) raises four issues in her appeal from the final judgment of dissolution. We affirm except for the equitable distribution and the equalization payment. As to these matters only, we reverse and remand to the trial court for further proceedings.
The trial court properly attempted an equal division of the marital assets and liabilities. The final judgment determined there were $16,063.42 in benefits (which resulted from joint debts having been paid by one of the parties) and assets to be equally divided. An equal division would result in each of the parties receiving $8,031.72 in assets and benefits. The final judgment credited the wife with $9,733.85 in assets and benefits, and the husband with $4,617.53. Equalization of $3,414.18 was ordered to bring the husband’s total to the $8,031.72 figure.
Unfortunately, these figures do not balance. The wife received approximately $1700 more than her share, yet she was ordered to pay the husband nearly twice that amount to equalize. Also, the totals credited to the husband and "wife are about $1700 less than the total amount of assets and benefits the court found should be distributed. This discrepancy appears to have occurred because one of the marital assets was not fully distributed; specifically, the principal reduction on a lot owned by the husband. The trial court credited the husband with only half the value of the principal reduction when, in fact, the- husband was the recipient of the entire amount.
Finally, even if the equalization amount had been correct, the trial court abused its discretion in ordering the wife to pay $300 per month to accomplish equalization of the equitable distribution. The wife had a monthly income of $1200 and reasonable expenses which slightly exceeded her income. The monthly payment was beyond her ability to pay at the time of the order and should be reconsidered upon remand. See Barclay v. Barclay, 554 So.2d 1191 (Fla. 2d DCA 1989).
Accordingly, we reverse the equitable distribution and equalization payments and remand for further proceedings. In all other respects, we affirm.
THREADGILL, C.J., and ALTENBERND, J., concur.